**Zahir AHMED, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–6534–ag.

United States Court of Appeals, Second Circuit.

July 27, 2006.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Heather Phillips, Tricia D. Francis, Assistant United States Attorneys, Washington, District of Columbia, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Zahir Ahmed petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We may vacate the decision and remand if the agency has committed substantial errors, and we cannot state with confidence that the agency would have made the same decision in the absence of the errors. *See Xiao Ji Chen*, 434 F.3d at 159–60; *Cao He Lin v. U.S. Department of Justice*, 428 F.3d 391, 395, 401–02 (2d Cir.2005).

The IJ denied Ahmed's petition on the grounds that (1) his testimony was not

credible, and (2) his evidence did not indicate that any persecution was on the basis of his political opinion. Neither ground supports the denial of Ahmed's petition. The adverse credibility determination was based on minor, trivial inconsistencies, failure to provide corroborating evidence, which was unnecessary, and flawed reasoning. *See Zhi Wei Pang v. Bureau of Citizenship and Immigration Services,* 448 F.3d 102, 107 (2d Cir.2006). For example, the IJ relied on an inconsequential inconsistency between Ahmed's testimony that in 1998 he was hospitalized for eight to ten days and documentation that he was discharged after fifteen days. The IJ relied in part on Ahmed's failure to produce a letter on his behalf from his illiterate mother, without explaining why such a letter would reasonably be expected. *See Diallo v. I.N.S.,* 232 F.3d 279, 285, 288–89 (2d Cir.2000). The IJ reasoned that Ahmed's testimony that his *brother's* killers were not investigated was "totally inconsistent" with his testimony that *his own* attackers were imprisoned. This reasoning was flawed. There was no inconsistency as between his testimony that his brother's killing was not investigated while his attackers were imprisoned.

Additionally, the IJ's ruling that Ahmed's evidence did not show that his persecution was on the basis of his political opinion was error. Ahmed's testimony and documentation, if believed, showed that the violent attacks on him and his brother, and the failure of the authorities to investigate his brother's killing, arose from Ahmed's and his brother's political work for the Muslim League party. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005).

We express no view which ruling should be made on Ahmed's petition. However, we vacate and remand because the reasons given did not reasonably support the agency's action.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. The pending motion for stay of deportation is DENIED as moot.